IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Craig R. Myers, | ) | Case No. 3:18CV2972 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | |
| Wood County, | ) | **ORDER** |
| Defendant. | ) | |

This is a civil rights case. *Pro se* plaintiff Craig Myers, a state prisoner, raises constitutional claims pursuant to 42 U.S.C. § 1983 and state-law tort claims against defendant Wood County, Ohio.[1]

Myers alleges that the County violated his constitutional rights in connection with two criminal cases in the Wood County Court of Common Pleas, where he was convicted. He also asserts state claims for malicious prosecution and intentional infliction of emotional distress.[2]

---

[1] Myers has moved to proceed *in forma pauperis*. (Doc. 2). I will grant that motion.

[2] Myers has also filed two motions to amend his complaint. (Doc. 4; Doc. 5). I deny both motions.

Generally, courts are to freely grant leave to amend. Fed. R. Civ. P. 15(a). Where, however, an amended complaint would not withstand a motion to dismiss, the amendment is futile, and the court may deny leave to amend. *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 917 (6th Cir. 2017) (citing *SFS Check, LLC v. First Bank*, 774 F.3d 351, 355 (6th Cir. 2014)).

None of the allegations Myers seeks to add to his complaint cure the defects described in this opinion, and, therefore, his complaint, as amended, would not survive a motion to dismiss. Accordingly, I deny the motions for leave to amend as futile.

1

## Background

In May 2013, a Wood County, Ohio, jury found Myers guilty of abduction and felonious assault. (Doc. 1 at 5.) The trial court sentenced him to three years' imprisonment for the abduction charge and eight years' imprisonment for the felonious assault charge, with the sentences to run concurrently. (*Id.*) In February 2015, a Wood County jury found Myers guilty of retaliation against one of his trial attorneys in the abduction and assault case. (*Id.*)

Myers unsuccessfully appealed both judgments in state courts. He then challenged the judgments in this Court through petitions for writ of habeas corpus, which also were denied. (*See* Case No. 3:16 CV 659, Doc. 56; Case No. 3:17 CV 1008, Doc. 46.)

Now Myers has filed this civil rights complaint, asserting that prosecutors and the trial court violated his constitutional rights in seeking and obtaining the convictions against him. He alleges that Wood County: (1) violated his due process rights by failing to disclose the assault victim's medical records, which he claims would have been exculpatory; (2) violated his due process rights by failing to meet Ohio's statutory requirements for retaliation; and (3) violated his Sixth Amendment right to effective assistance of appellate counsel by appointing trial counsel to represent him in his direct appeal. (Doc. 1.) He also raises state claims against the County for malicious prosecution and intentional infliction of emotional distress (IIED).

## Standard of Review

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, *supra*, 630 F.3d at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, *supra*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

## Discussion

### I. The § 1983 Claims

### A. Myers's § 1983 Claims Are Untimely

There is a two-year statute of limitations on claims raised under § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985) (holding that federal courts must apply the state statute of limitations for personal injury actions to § 1983 claims); *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (Ohio's two-year statute of limitations for personal injury claims applies to § 1983 actions). Myers filed his complaint outside of the limitations period and, therefore, his § 1983 claims are untimely.

The state-court judgments that Myers challenges here occurred in May 2013 and February 2015. His first and second appeals concluded in August, 2014 and January, 2016, respectively. Yet Myers did not file this complaint until December 27, 2018, after the two-year limitations period expired on claims relating to either judgment.

Accordingly, Myers's § 1983 claims are time-barred. *See Fraley v. Ohio Gallia Cty.*, 166 F.3d 1213, 1998 WL 789385, *1 (6th Cir.) (affirming *sua sponte* dismissal of *pro se* §1983 action filed after two-year statute of limitations for bringing such an action had expired).

## II. Myers's § 1983 Claims Are Not Plausible

Additionally, Myers does not plausibly allege § 1983 violations.

First, Myers appears to assert, at least in part, that his convictions were invalid. A plaintiff cannot bring a § 1983 action if a ruling on his claims would necessarily imply the invalidity of his conviction, unless his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994). "This ensures that habeas corpus remains the exclusive remedy for criminal defendants who have not obtained a favorable termination in their criminal proceedings and does not allow duplicative, collateral attack of convictions or sentences through § 1983 actions." *S.E. v. Grant Cty. Bd. of Educ.*, 544 F.3d 633, 637 (6th Cir. 2008).

Myers's convictions have not been overturned or called into question through other processes. Accordingly, insofar as he alleges that Wood County should have set aside his conviction because they were invalid, his § 1983 claims are barred by *Heck*.

Moreover, Myers fails to allege sufficient facts supporting his § 1983 claims.

Myers names only Wood County as a defendant in this case. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).

Here, Myers has not identified any such policy, much less connected the policy to Wood

County or show that the policy caused him injury. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993). Accordingly, he has not stated a plausible claim under § 1983.

## II. The Malicious Prosecution Claim Fails
## Because the Criminal Cases Did Not End in Myers's Favor

To make out a claim for malicious prosecution, a plaintiff must show:

> (1) That a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) that the criminal proceeding must have been resolved in the plaintiff's favor.

*Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir.2017) (internal quotations and citations omitted).

Myers cannot meet this burden because neither criminal proceeding ended in his favor. Indeed, both proceedings resulted in convictions, which the state appellate courts affirmed.

I therefore will dismiss the malicious prosecution claim.

## III. Myers Does Not Allege a Plausible IIED Claim

Under Ohio law, a plaintiff raising an IIED claim must plead facts sufficient to show:

> (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff, (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury, and (4) that the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable man could be expected to endure it.

*Burkes v. Stidham*, 668 N.E.2d 982, 989 (Ohio App. 1995).

"Serious emotional distress requires an emotional injury which is both severe and debilitating." *Id.* (citing *Paugh v. Hanks*, 451 N.E.2d 759 (Ohio 1983)). "A non-exhaustive litany of some examples of serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia." *Paugh*, *supra*, 451 N.E.2d at 765.

Myers does not allege such an emotional injury. Accordingly, his IIED claim fails.

5

## Conclusion

It is, therefore,

ORDERED THAT

1. Myers's complaint (Doc. 1) be, and the same hereby is, dismissed;

2. Myers's motion to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, granted;

3. Both motions for leave to file an amended complaint (Doc. 4; Doc. 5), be, and the same hereby are, dismissed; and

4. This case be, and the same hereby is, dismissed.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge